IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE OKECHUKU, #59813-060 | § § § | |
| Movant, | § § | |
| v. | § § | CIVIL NO. 3:25-cv-1706-B (CRIMINAL NO. 3:13-CR-481-B-1) |
| UNITED STATES OF AMERICA, et al. | § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Theodore Okechuku's *Motion Requesting that this Court Fashion a Remedy to Prevent Injustice*. Doc. 2. Based on the relevant filings and applicable law, the motion is construed as a motion to vacate, set aside, or correct federal sentence under 28 U.S.C. § 2255 and **DISMISSED** without prejudice for lack of jurisdiction.

## I. BACKGROUND

After a two-week trial with several co-defendants in October 2015, a jury found Okechuku guilty of conspiracy to unlawfully distribute a controlled substance ("Count One"); using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a drug trafficking crime ("Count Two"); and conspiracy to use, carry, and brandish a firearm during and in relation to a drug trafficking crime ("Count Three"). *See* Crim. Docs. 129, 300. By amended judgment dated October 24, 2016, the Court sentenced him to 216 months' imprisonment on Count One and Count Three, to run concurrently with each other, and 84 months' imprisonment on Count Two, to run consecutively to his sentences on Count One and

Count Three, for a total aggregate term of 300 months' imprisonment; his sentences are to be followed by three years of supervised release. *See* Crim. Doc. 524. The Court also ordered him to pay a personal forfeiture money judgment in the amount of $337,136.83. *See id.* The United States Court of Appeals for the Fifth Circuit affirmed the judgment on direct appeal. *See United States v. Oti*, 872 F.3d 678 (5th Cir. 2017).

On June 30, 2021, Okechuku's first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was dismissed as time-barred as to several of his grounds for relief and denied as to his remaining grounds. *See Okechuku v. United States*, No. 3:19-cv-01005-B (BT), 2021 WL 2690091 (N.D. Tex. June 14, 2021), *rec. accepted* 2021 WL 2685283 (N.D. Tex. June 30, 2021). The Fifth Circuit denied a certificate of appealability on February 25, 2022. *See United States v. Okechuku*, No. 21-10733, 2022 WL 2870163 (5th Cir. Feb. 25, 2022). Okechuku's subsequent attempt to challenge his convictions and sentences under 28 U.S.C. § 2241 through the savings clause of § 2255(e) was also unsuccessful. *See Okechuku v. Salmonson*, No. 5:22-cv-135, 2023 WL 5519362 (E.D. Tex. Aug. 1, 2023), *rec. accepted* 2023 WL 5510281 (E.D. Tex. Aug. 25, 2023).

Okechuku then attempted to challenge his convictions and sentences through a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Okechuku*, No. 3:13-cr-0481-B-1, 2025 WL 888429, at *2 (N.D. Tex. Mar. 21, 2025). After his § 3582(c) arguments attacking the validity of his sentence were construed as forming an unauthorized successive § 2255 motion over which the Court lacked jurisdiction, Okechuku sought authorization from the Fifth Circuit to file a successive § 2255 motion on May 20, 2025. *See id.*; *In re Okechuku*, No. 25-10628, Doc. 2 (5th Cir. Aug. 26, 2025). On August 26, 2025, the Fifth Circuit denied Okechuku's motion for authorization to file a successive § 2255 motion. *See In re Okechuku*, No. 25-10628, at Doc. 25.

2

On June 23, 2025, while his motion for authorization to file a successive § 2255 motion was pending with the Fifth Circuit, Okechuku filed the instant motion in which he again challenges his federal sentence. He argues that (1) his conviction for using, carrying, and brandishing a firearm in furtherance of a drug trafficking crime (Count Two) "constitutes an illegal sentence" because he never held the gun and is therefore actually innocent, and (2) his federal sentence exceeds the statutory maximum. Doc. 2 at 1, 6-7, 11. He asks the Court to shorten his sentence, dismiss his conviction for Count Two, resentence him, and "[f]ashion a remedy to correct injustice." *Id.* at 12.[1]

## II. ANALYSIS

Initially, Okechuku's motion attacks his ongoing federal sentence and is therefore construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See, e.g., Okechuku,* 2025 WL 888429, at *2 (construing Okechuku's arguments in compassionate release motion attacking the legality of his sentence as an unauthorized, successive § 2255 motion); (*United States v. Fleifel,* No. 3:12-cr-318-D(03), 2022 WL 1102860, at *3 (N.D. Tex. Apr. 12, 2022), *aff'd* No. 22-10425, 2023 WL 1965435 (5th Cir. Feb. 13, 2023) ("To the extent that Fleifel's motion can be construed as challenging the legality of his underlying sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255.") (citing *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001)); *see also McKathan v. United States,* No. 15-cv-00611-KD-C, 2022 WL 16961484, at *4 (S.D. Ala. Nov. 16, 2022) ("Despite the title, 'a motion that collaterally attacks a prisoner's sentence as being

---

[1]Okechuku filed another § 2255 motion challenging his convictions and sentences after he filed the instant motion, which was dismissed as successive on February 26, 2026. *See Okechuku v. United States,* 3:25-cv-2929-B-BT, 2026 WL 539053 (N.D. Tex. Feb. 26, 2026).

unconstitutional is a motion to vacate under § 2255.'") (citing *Walker v. United States*, 367 F. App'x 67, 68 (11th Cir. 2010) (per curiam)).

Okechuku, however, has already filed an initial § 2255 motion that was denied in 2021. The circumstances under which a movant may file a second or successive § 2255 motion are limited by § 2255(h). *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). Under § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by the appropriate court of appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or (2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). As recognized by *Orozco-Ramirez*, a movant is required to present all available claims related to his conviction or sentence in his first § 2255 motion. *See id.* at 870-71. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Id.* (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C); *see also* 28 U.S.C. § 2255(h). To present a claim in a second or successive § 2255 motion that was not presented in a prior motion, the new

4

motion must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Okechuku's current motion for relief from his sentence again challenges the same judgment as his original § 2255 motion that was dismissed as time-barred and denied. As such, the motion is successive within the meaning of § 2255, and the determination of whether Okechuku may file the successive motion "must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court." *United States v. Ornelas-Castro*, No. 3:07-cr-190-K(02), 2019 WL 6135156, at *2 (N.D. Tex. Nov. 18, 2019); *see also* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 2255(h).

Okechuku argues that the Court should ignore § 2255's successive motion limitation and fashion a remedy for him because he is actually innocent of carrying or brandishing a firearm in furtherance of a drug trafficking crime (Count Two) and because the Court imposed an unlawful sentence in excess of its jurisdiction. Doc. 2 at 3, 10. But "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. Methods of altering a sentence after it has been entered include a direct appeal, a collateral attack under 28 U.S.C. § 2241 or § 2255, a motion under 18 U.S.C. § 3582(c), and motion under Federal Rule of Civil Procedure 36." *United States v. Thorton*, No. 3:14-cr-164-L (03), 2016 WL 8203712, at *1 (N.D. Tex. Aug. 3, 2016) (citing *United States v. Martinez*, No. 1:09-cr-74 TS, 2014 WL 2515315, at *1 (D. Utah June 4, 2014)). So the Court lacks the ability to "fashion a

5

remedy" for Okechuku that Congress has not authorized. Because he seeks to collaterally attack his federal criminal judgment, his remedy is under § 2255, which includes a limitation on successive motions.

And because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction to consider Okechuku's construed § 2255 motion, and the motion is subject to dismissal. *See Davis v. Sumlin*, 999 F.3d 278, 279 (5th Cir. 2021) ("[Petitioner] never sought or obtained that permission, so the district court had no jurisdiction to accept the second-or-successive petition—much less to consider the merits of it."); *Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Fulton*, 780 F.3d at 686.

Here, because the Fifth Circuit has already denied authorization for Okechuku to file a successive § 2255 motion in which he raised similar arguments to those presented here, and because Okechuku has a history of seeking successive relief under § 2255, dismissal, rather than transfer, is warranted. *See generally In re Okechuku*, No. 25-10628,  Doc. 2 (motion to file successive § 2255 motion); *Cantu v. United States*, No. 3:15-cv-3896-K, 2024 WL 2303905, at *1 (N.D. Tex. May 20, 2024) (finding that dismissal of successive § 2255 motion was appropriate "given Movant's history of seeking successive relief under § 2255") (citing *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015)).

### III. CONCLUSION

Movant Theodore Okechuku's *Motion Requesting that this Court Fashion a Remedy to Prevent Injustice*, construed as a successive motion to vacate, correct, or set aside sentence under § 2255

6

(doc. 2), is **DISMISSED** for lack of jurisdiction without prejudice to Okechuku's right to seek leave from the Fifth Circuit to file a second or successive § 2255 motion.

By separate judgment, this case will be dismissed without prejudice. Any pending motions are **DENIED AS MOOT**.

SO ORDERED this 26th day of May, 2026.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE